DETERMINED IN THE

# FIRST DEPARTMENT

AT

# GENERAL TERM,

## May, 1895.

---

JACOB S. ROGERS and Another, Plaintiffs, *v.* THE NEW YORK AND TEXAS LAND COMPANY (LIMITED) and Others, Defendants.

*Interlocutory judgment — questions reserved until after the coming in of a referee's report.*

It is competent for a court, by its interlocutory judgment, to direct the referee named therein to take and state an account, and to ascertain the amount of the expenses of the administration of a certain trust, and to report the same to the court, reserving the question as to whether certain expenses claimed as a charge should be allowed or not until the coming in of the referee's report, when it may determine by its final judgment whether or not such expenses should be allowed.

MOTION by the defendants, The New York and Texas Land Company (Limited) and others, for a new trial on a case containing exceptions, ordered to be heard at the General Term in the first instance upon the decision of the court rendered after a trial at the New York Special Term on the 18th day of October, 1894.

*T. G. Shearman* and *Noah Davis,* for motion.

*Julien T. Davies,* opposed.

VAN BRUNT, P. J.:

We do not see but that the opinions heretofore rendered in this case in the Court of Appeals, and the opinion of the justice who tried the case in the court below, dispose of all the questions which are involved in this motion.

It is true that it is claimed upon the part of the defendants that the case now before the court is an entirely different one from that which received the attention of the Court of Appeals. But upon an examination of this case it seems to us that all the material facts are substantially the same. There may be differences in the condition of the proof, but none which affect the question as to the right of the plaintiffs to maintain this action, as is shown by the opinion of the learned justice who tried the case in the court below.

It is urged that the court erred in the terms of the interlocutory judgment, because, although it provides for the taking of an account of the expenses of administering the trust, it does not decide whether any of these expenses should be allowed or not ; and that this want of decision leaves a material fact undisposed of, and hence the interlocutory judgment is incomplete and should be set aside. We do not see but what the court has the power to reserve the question as to whether certain expenses which are claimed as a charge shall be allowed or not until the coming in of the referee's report, and the court be thus fully informed in regard to all the facts and circumstances of such accounts. And that was all that was done in this case. The court seems to have reserved nothing more than is ordinarily the practice in interlocutory judgments, to reserve the question of costs until the coming in of the referee's report and then to provide for the same in the final judgment. So here, the referee is directed to take and state the account, and ascertain the amount of the expenses of administering the trust and report the same to the court ; and then the court can determine by its final judgment as to whether or not such expenses should be allowed and the defendant credited therewith.

Upon an examination of the various exceptions taken to the admission and exclusion of evidence, we do not see that any of them are of such gravity as to call for a setting aside of this judgment.

The motion should, therefore, be denied, with costs.

FOLLETT and PARKER, JJ., concurred.

Motion for new trial denied, with costs.